

FILED
FEB 18 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PNC BANK,
National Association,

           Plaintiff,

v.　　　　　　　　　　　　　　　　　ACTION NO. 2:08cv496

SIXCEES, INC., et al.,

           Defendants.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered December 31, 2008.

This case was referred for a Report and Recommendation for the disposition of PNC Bank's ("PNC's") Motion for Default Judgment [Doc. 15]. The Court recommends ENTERING judgment by default in favor of PNC against all Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure, in the amount of one million, fifty-six thousand, two hundred sixty-four dollars ($1,056,264.00), as of February 13, 2009, with additional interest of $137.00 per day to the date final judgment is entered.

### I. PROCEDURAL HISTORY

On October 20, 2008, PNC filed a Complaint against Sixcees, Inc. ("Sixcees"), Austin Callwood, Bernadette Callwood, and The Callwood Family Trust ("The Trust")(collectively, "Defendants"). David M. Haines, private process server, served a copy of the Complaint and

summons upon the Defendants on October 23, 2008. The returns of service were filed on October 29, 2008. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants had twenty days from service to file an answer or responsive pleading. As of the filing of this Report and Recommendation, Defendants have not filed an answer or responsive pleading.

The Clerk entered default against Defendants on November 21, 2008, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On December 4, 2008, PNC filed its Motion for Default Judgment as to All Defendants [Doc. 15]. As of the filing of this Report and Recommendation, Defendants have not filed any response to the motion. On December 31, 2008, the case was referred to the undersigned Magistrate Judge to conduct a hearing and prepare a Report and Recommendation on the disposition of the Motion for Default Judgment. Accordingly, the Court held a hearing on February 17, 2009. Peter G. Zemanian, Esq., represented PNC. Defendants Bernadette Callwood and Austin Callwood appeared, but did not participate. Specifically, Bernadette Callwood stated that they were present "just to see what happens." The Official Court Reporter was Jody Stewart.

## II. FINDINGS OF FACT

Upon default, the facts alleged in the Complaint are deemed admitted. Following a full review of the pleadings and exhibits, the Court finds that PNC has established the following by a preponderance of the evidence.

On December 8, 2005, Sixcees executed a Note of indebtedness to PNC for the amount of $1,098,000. (Compl. ¶ 7, and Default Judgment Hearing of February 17, 2009, Ex. A.) On the same date, Defendants Bernadette Callwood, Austin Callwood, and The Trust executed an unconditional guaranty of the Note for the benefit of PNC. (Compl. ¶¶ 8-9, and Default Judgment Hearing of February 17, 2009, Exs. B, C.) On December 31, 2006, the parties agreed to amend the Note, which included consent by the guarantors. (Compl. ¶ 10.) Since December 2007, Sixcees has failed to

make payments to PNC under the terms of the Note. (Compl. ¶ 11, and Default Judgment Hearing of February 17, 2009, Ex. D.)  PNC made written demand upon Defendants Austin Callwood, Bernadette Callwood, and The Trust for the amounts due under the Note, but Defendants did not pay these amounts. (Compl. ¶¶ 13-14, and Default Judgment Hearing of February 17, 2009, Ex. D.)

At the hearing on February 17, 2009, Lawrence E. Reynolds, a senior vice-president at PNC, testified that the total amount due to PNC under the Note is currently $1,056,264. Mr. Reynolds specified that this total amount due, calculated on February 13, 2009, is the sum of: (a) the principal balance outstanding on the Note, $952,480.11; (b) interest owed on the Note, $94,151.33; and (c) late charges of $9,632.56. Mr. Reynolds further testified that interest continues to accumulate at the rate of $137.00 per day. Finally, PNC's counsel stated that PNC is not requesting costs or attorney's fees.

### III. DISCUSSION OF DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Judgment by default is appropriate in this case where Defendants failed to file an answer or responsive pleading to the Complaint or Motion for Default Judgment, and failed to make any appearance in the case until Austin Callwood and Bernadette Callwood attended the motion hearing as observers. PNC proved by a preponderance of the evidence damages in the amount of $1,056,264, as of February 13, 2009, which is exclusive of costs and attorney's fees. Because PNC is not requesting costs and attorney's fees, however, the appropriate amount for default judgment remains $1,056,264. Additionally, the Court must add $137.00 of interest per day to the date final judgment is entered. After the entry of final judgment, the judgment rate of interest will apply.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that judgment by default be entered in favor of PNC against all Defendants, pursuant to Rule 55 of the Federal Rules of Civil Procedure, in the amount of $1,056,264.00, as of February 13, 2009, with additional interest of $137.00 per day to the date final judgment is entered.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/ Tommy E. Miller
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 18, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Austin and Bernadette Callwood
2013 Acentola Quay
Chesapeake, Virginia 23321

John E. Coffey, Esq.
Redmon, Peyton & Braswell, LLP
510 King Street
Suite 301
Alexandria, Virginia 22314

Peter G. Zemanian, Esq.
Zemanian Law Group
150 Boush Street
Suite 600
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

February 18, 2009